UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Darin S. Hopping )
    Plaintiff, )
V. )
    )
Commonwealth of )
Massachusetts )
    Defendant. )

Civil Action
No. _____

04-40136

## EMERGENCY PETITION FOR APPOINTMENT OF COUNSEL

Comes now the Plaintiff, Darin S. Hopping, pro se, and files with the Court his pro se Petition For Emergency Appointment of Counsel.

### FACTS

1. On February 7th, 2004 Plaintiff was taken into custody by the Commonwealth of Massachusetts for the charge of escape and a fugitive from justice warrant for Indiana.

1

2. On April 12, 2004 Plaintiff was sentenced to one year, for the charge of escape, in Worcester Court, and signed a waiver of extradition in order to voluntarily return to Indiana.

3. Since February 7th, 2004, Worcester House of Corrections and the Commonwealth of Massachusetts have been violating USCA Title 18 § 2 Interstate Agreement on Detainers Act, Article III (C) by failing to promptly inform prisoner of the source and contents of any detainers lodged against him, and his right to make a request for final disposition of such.

4. Plaintiff has contacted, on numerous times, the officials having custody of him, asking that He be notified of any detainers lodged against him.

5. The officials having custody of Plaintiff will not cooperate with Plaintiff or follow the precepts outlined in The Interstate Agreement on Detainers Act, in violation of Article I of said Act.

6. Institution will not reply to multiple inquiries by Plaintiff, to be informed of the source and contents of the detainers lodged against him, in violation of Article III (C) of The Interstate Agreement on Detainers Act and the Freedom of Information Act.

7. The officials having custody of Plaintiff will not initiate the process outlined in The Interstate Agreement on Detainers Act, to secure a speedy trial for the Plaintiff as guaranteed by USCA Title 18 § 2 Article I, and the Constitution.

8. The authorities in Indiana have contacted the Commonwealth of Massachusetts and Plaintiff, notifying both, that they seek custody of Plaintiff.

9. The Commonwealth of Massachusetts is violating Plaintiff's Rights, The Interstate Agreement on Detainers, and M.G.L. Chapter 276, by using a Fugitive From Justice Charge, to delay Plaintiff's return to Indiana, and to deny Plaintiff the Right to file an Interstate Agreement on Detainers, when the fugitive from Justice charge, is for the Indiana charges, and dictates delivery of Plaintiff to Indiana pursuant to M.G.L. Chapter 276 Section 17.

10. Milford Court has had a fugitive from Justice Charge on Plaintiff since February 7th, 2004 and refuses to prosecute the charge pursuant to M.G.L. 276, denying Plaintiff a speedy Trial in Indiana, which is guaranteed by the Interstate Agreement on Detainers Act.

11. On April 28, 2004 the Plaintiff notified this Court of His problems with this issue, and Plaintiff has not received proper help from the Law Library in order to properly resolve this problem.

12. By the Commonwealth of Massachusetts not abiding by the Federal Procedures outlined in The Interstate Agreement on Detainers and The Freedom of Information Acts, both Acts of Congress, the Commonwealth of Massachusetts is violating Plaintiff's Civil Rights.

3

13. Due to the complex issues involving two Acts of Congress, intended to protect the Plaintiff's Civil Rights, this Federal Court has Jurisdiction to remedy the violation of such Rights, protected by Congress and the Constitution.

(Bush v. Muncy, C.A. 4 (Md.) 1981, 659 F.2d 402, Certiorari denied 102 S.Ct. 1259, 455 U.S. 910, 71 L. Ed. 2d. 449)

(Campbell v. Com. of Va., C.A. (Kan.) 1972, 453 F.2d. 1230)

Therefore, Plaintiff prays that due to the complexities and severity of this issue, that this Honorable Court will appoint Counsel for Plaintiff, and grant any and all additional relief deemed necessary.

Dated July 7th, 2004

Signed: Darin S. Hopping

Darin S. Hopping #29064
Worcester House of Corrections
5 Paul X Tivnan Drive
West Boylston Ma. 01583

4