UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DARIN S. HOPPING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 04-40136-FDS |
| ) | |
| COMMONWEALTH OF ) | |
| MASSACHUSETTS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

**SAYLOR, J.**

Plaintiff Darin S. Hopping, proceeding *pro se*, submitted a two-page handwritten letter to the court on November 3, 2004, seeking emergency injunctive relief. In essence, plaintiff contends that he is a resident of San Antonio, Texas; that he was taken into custody on February 7, 2004 in Massachusetts on an arrest warrant from Indiana, where he is charged with being a fugitive from justice and an escapee; and that he is in transit to Indiana for further legal proceedings. He contends that when the United States Marshals Service picked him up at the Worcester County House of Correction for transport to Indiana, the Marshals refused to allow him to bring his "legal papers" with him and that officials at the House of Correction advised that if he did not have someone pick up his property there within 30 days, they would "destroy" it. He also alleges that the House of Correction refuses to forward the property to Indiana, and that he has no friends or relatives in Massachusetts who can pick up the items on his behalf. Plaintiff has requested an emergency order restraining the Worcester County House of Correction from

destroying his property.

Because there is no indication that plaintiff has provided defendant with notice of this motion, the court has treated it as an *ex parte* application for a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure. That rule provides, in pertinent part:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b). Here, a temporary restraining order cannot issue because plaintiff has not satisfied either criterion set forth in the rule. Plaintiff has not submitted any affidavit setting forth specific facts showing that immediate and irreparable injury, loss, or damage will result to him before defendant can be heard in opposition; in fact, the sole document submitted in support of this motion is plaintiff's unverified, handwritten letter itself. Furthermore, plaintiff has not certified the efforts made to give notice to the defendant or why notice should not be required. Plaintiff's motion for a temporary restraining order is therefore DENIED.

The court hereafter will treat plaintiff's motion as one seeking a preliminary injunction. Accordingly, defendant is hereby ORDERED within five days to SHOW CAUSE in writing why it should not be enjoined from destroying plaintiff's "legal papers," which currently are claimed to be in the possession of the Worcester County House of Correction, or, in the alternative, why the Worcester County House of Correction should not be ordered, prior to its destroying plaintiff's "legal papers," to provide at least two weeks' notice to the court and Mr. Hopping so that further

proceedings may be undertaken as appropriate.

A copy of plaintiff's motion and this Order shall be provided to the warden of the Worcester County House of Correction and to the Office of the Attorney General for the Commonwealth. These materials shall constitute notice of the motion for preliminary injunction under Rule 65(a)(1) of the Federal Rules of Civil Procedure.

**So Ordered.**

                                               /s/ F. Dennis Saylor
                                               F. Dennis Saylor IV
                                               United States District Judge

Dated: November 12, 2004